IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC C. McCARTER,**

    Plaintiff,

v.                                                                    Civil Action No. **3:14CV655**

**T.L. NUTTER,**

    Defendant.

**MEMORANDUM OPINION**

Eric C. McCarter, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] McCarter contends that Sergeant Nutter "knowingly told falsehoods and reckless disregards for the truth in a[n] affidavit presented to a magistrate, to obtain a search warrant for [his] home." (Compl. 4, ECF No. 1.)[2] According to McCarter, Sergeant Nutter's actions led to McCarter being convicted of distribution of cocaine. (*Id.*) The matter is before the Court on the Motion to Dismiss filed by Sergeant Nutter. (ECF No. 17.) After appropriate *Roseboro*[3] notice was sent with the Motion to Dismiss, McCarter filed a response. (ECF

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization in quotations from McCarter's submissions.

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

No. 20.) Sergeant Nutter has filed a reply. (ECF No. 21.) McCarter has filed a surreply without first obtaining leave of the Court. (ECF No. 24.) For the reasons stated below, the Court will GRANT the Motion to Dismiss.

## I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, McCarter alleges that Sergeant Nutter violated his Fourth Amendment[4] rights. McCarter alleges:

> Sgt. Nutter knowingly told falsehoods and reckless disregards for the truth in an affidavit presented to a magistrate, to obtain a search warrant for my home. This led to a conviction of distribution of cocaine. Sgt. Nutter told these lies on July 21, 2011. The conviction was handed down on Oct. 29, 2012. It is under appeal. This violates my 4th Amendment rights. I have proof in black & white of this violation. It also violates my civil rights. . . . Therefore Sgt. Nutter's lies cost me my freedom even though no cocaine was found in my home. Because he was able to get a magistrate to rubber stamp his illegally obtained warrant. Will show proof to U.S. Magistrate Judge at hearing or send them proof if need be. . . . Sgt. Nutter is under investigation by Internal Affairs for this illegally obtained warrant also.

---

[4] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.

3

(Compl. 4.) McCarter seeks $50,000.00 in damages for each year he will be incarcerated, for a total of $125,000.00. (*Id.* at 5.)

### III. ANALYSIS

Sergeant Nutter argues that *res judicata* precludes McCarter's claim on the basis that it was previously adjudicated in the Circuit Court for Caroline County, Virginia ("Circuit Court"). (Def.'s Br. Supp. Mot. to Dismiss ("Def.'s Br.") at 1, ECF No. 18.) The defense of *res judicata* may be properly raised and ruled upon in a motion to dismiss.[5] *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1969) (citations omitted). "The doctrine of *res judicata* [] provides that 'a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.'" *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). To prevail, Sergeant Nutter must prove "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Id.*

There is no need for the Court to consider the third prong, because the parties in the previous action and this action are identical. As to the first prong, on July 16, 2014, McCarter filed a Complaint against Sergeant Nutter in the Circuit Court, raising claims of false imprisonment, malicious prosecution, abuse of process, and infliction of emotional distress. (Def.'s Br. Ex. 1, at 4.) Thereafter, Sergeant Nutter filed a Plea in Bar, asserting that McCarter's

---

[5] Under *res judicata*, "the parties may not attempt to relitigate claims which were *or could have been* raised in an earlier suit where a final judgment on the merits was reached." *Paragon Servs., Inc. v. Hicks*, 843 F. Supp. 1077, 1079 (E.D. Va. 1994) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982); *Fay v. S. Colonie Sch. Dist.*, 802 F.2d 21, 28 (2d Cir. 1986)). Under the related doctrine of collateral estoppel, "the parties may not attempt to relitigate claims which have been *actually* litigated by the parties in an earlier suit." *Id.* (citing *Young Eng'rs, Inc. v. ITC*, 721 F.2d 1305, 1314 (Fed. Cir. 1983)).

claims of false imprisonment and intentional infliction of emotional distress were time-barred, and that his malicious prosecution and abuse of process claims lacked merit. (*See id.* Ex. 2, at 2–3.) On January 7, 2015, the Circuit Court granted Sergeant Nutter's Plea in Bar as to McCarter's claims of false imprisonment and intentional infliction of emotional distress. (*Id.* Ex 4, at 1.) The Plea in Bar was denied as to McCarter's claims of malicious prosecution and abuse of process because those claims were timely filed. (*Id.*) Subsequently, Sergeant Nutter filed a Motion to Dismiss, or Alternatively, for Summary Judgment. (*Id.* Ex. 5.) On April 8, 2015, the Circuit Court granted Sergeant Nutter's Motion, noting that he was "entitled to judgment as a matter of law on the remaining issues of malicious prosecution and under 42 U.S.C. § 1983." (*Id.* Ex. 7, at 1.) Accordingly, the first suit was dismissed on the merits, rendering a final judgment and satisfying the first prong to demonstrate *res judicata*.

As for the second prong, an identity of causes of action, the United States Court of Appeals for the Fourth Circuit has adopted the transactional approach, which provides that "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)) (internal quotation marks omitted). "[I]f the later litigation arises from the same cause of action as the first, then the judgment bars litigation of every matter that was or might have been adjudicated in the earlier suit." *Lewin v. Cooke*, 95 F. Supp. 2d 513, 522 (E.D. Va. 2000) (citations omitted). "[C]ause of action is defined . . . as a set of operative facts which, under substantive law may give rise to a right of action." *Winchester Homes, Inc. v. Osmose Wood Preserving, Inc.* 37 F.3d 1053, 1058 (4th Cir. 1994) (citation omitted) (internal quotation marks omitted).

In his Complaint filed in the Circuit Court, McCarter alleged that Sergeant Nutter "told falsehoods and reckless disregards for the truth . . . in a search warrant affidavit." (Def.'s Br. Ex. 1, at 1.) He claimed that Sergeant Nutter's actions "[led] to [his] false imprisonment, malicious prosecution, abuse of process[,] and infliction of emotional distress." (*Id.* at 4.) In the instant matter, McCarter once again alleges that Sergeant Nutter violated his Fourth Amendment rights by including "falsehoods and reckless disregards for the truth in a[n] affidavit presented to a magistrate to obtain a search warrant for [his] home." (Compl. 4.)

In response to Sergeant Nutter's Motion to Dismiss, McCarter argues that "[t]he state court had not properly understood the facts to correctly apply the law to the fact[s]." (Resp. 1.) He refers to a letter that the Circuit Court sent to the parties, in which it stated: "Plaintiff, Eric McCarter did not actually identify a particular Cause of Action in his pleading such that they could be identified by specific counts by this Court." (Resp., Ex. A, at 1.) However, the exact meaning of that sentence is irrelevant to the Court's determination here. The focus of the state court action involves the same set of facts focused upon in the instant action. Contrary to McCarter's assertions, the Court must conclude that both of McCarter's actions involve the same set of operative facts. *See Winchester Homes, Inc.*, 37 F.3d at 1058. "While the primary theory advanced by [McCarter] in the earlier action . . . is [less well defined than] the theories advanced in this action, this fact does not lead to the conclusion that the two suits involve separate transactions." *Paragon Servs., Inc. v. Hicks*, 843 F. Supp. at 1080; *see also id.* at 1079 (citation omitted) (noting that an attempt to raise a new claim stemming from the same set of facts "does not constitute the presentation of a new claim," because the "premise or ground is related to the same transaction"). Because the set of operative facts in McCarter's previous state court action is the same as that presented here, McCarter cannot now assert a Fourth Amendment violation

arising from those facts. Consequently, the doctrine of *res judicata* precludes this action against Sergeant Nutter, and McCarter's claim will be DISMISSED.

## IV. CONCLUSION

Accordingly, the Motion to Dismiss (ECF No. 17) is GRANTED. McCarter's claim and the action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/15/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge