IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC C. McCARTER,**

    Plaintiff,

v.                                                               Civil Action No. **3:14CV655**

**T.L. NUTTER,**

    Defendant.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on October 15, 2015, the Court granted Defendant Sergeant Nutter's Motion to Dismiss and dismissed McCarter's 42 U.S.C. § 1983 action. *McCarter v. Nutter*, No. 3:14CV655, 2015 WL 6110372, at *4 (E.D. Va. Oct. 15, 2015). The Court concluded that *res judicata* precluded McCarter's claim because McCarter had presented the same set of operative facts in his previous state court action against Sergeant Nutter. *Id.* at *2–3. On November 2, 2015, the Court received from McCarter a "Motion for Amendment of Evidence," which the Court construes as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e) Motion," ECF No. 33).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). McCarter may not use

Rule 59(e) to rehash arguments previously presented or to submit evidence that should have been previously submitted. *Id.* at 1082.

Attached to McCarter's Rule 59(e) Motion is a copy of an affidavit signed by Sergeant Nutter on March 13, 2015. (ECF No. 33–1, at 1–3 ("Nutter Aff").) McCarter also attaches a copy of a page from a transcript from an unknown court proceeding. (*Id.* at 4.) In the affidavit, Sergeant Nutter wrote that he "had personal knowledge that the CI had been used as an informant for another investigator in the Caroline County Sheriff's Department for more than three years prior to my request for the search warrant at issue." (Nutter Aff. ¶ 7.) McCarter claims that Sergeant Nutter committed perjury in writing this statement because during McCarter's trial, Sergeant Nutter testified that he had personally used the confidential informant as a source of information for more than three years. (Rule 59(e) Mot. 1–2.)

McCarter contends that counsel for Sergeant Nutter intentionally failed to provide a copy of this affidavit to the Court when she filed the Motion to Dismiss. However, McCarter fails to explain why he could not submit the affidavit with his response to the Motion to Dismiss, which the Court received on May 6, 2015. Moreover, nothing in Sergeant Nutter's affidavit leads the Court to reconsider its conclusion that *res judicata* bars McCarter's claim against Sergeant Nutter. Accordingly, McCarter's Rule 59(e) Motion (ECF No. 33) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2/17/16
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

2